```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
United States of America,

                    Plaintiff,
                                        MEMORANDUM AND ORDER
         - against -                    10-CV-3324 (JS)

Max Noel,

                    Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Michael T. Sucher, Esq.
                    26 Court Street, Suite 2412
                    Brooklyn, NY 11242

For Defendant:      N/A
```

SEYBERT, District Judge:

On July 20, 2010 the United States of America ("Government" or "Plaintiff") commenced this action against Max Noel ("Noel" or "Defendant") to collect on a student loan agreement on which the Defendant is now in default.

Defendant Noel never responded to the Complaint; nor did he seek additional time to respond to it. Plaintiff accordingly moved for default judgment against Defendant pursuant to Rule 55(b) [DE 4]. The Clerk of the Court thereafter noted the default of Defendant Noel [DE 5].

### DISCUSSION

I. Default

A default constitutes an admission of all well-pled factual allegations in the complaint, and the allegations as they pertain to liability are deemed true. Joe Hand Promotions, Inc. v.

El Norteno Rest. Corp., 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992), cert. denied, 506 U.S. 1080 (1993)). A default judgment entered on the well-pled allegations in the complaint establishes a defendant's liability. See Garden City Boxing Club, Inc. v. Morales, 05-CV-0064, 2005 WL 2476264, at *3 (E.D.N.Y. Oct. 7, 2005) (citing Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 854 (2d Cir. 1995)). The only question remaining, then, is whether Plaintiff has provided adequate support for the relief it seeks. Greyhound Exhibitgroup, Inc., 973 F.2d at 158.

The determination of a motion for default judgment is left to the sound discretion of the district court. See Shah v. New York State Dep't of Civil Serv., 168 F.3d 160, 610, 615 (2d Cir. 1999). In determining whether to grant a default judgment, the court may consider "numerous factors, including 'whether plaintiff has been substantially prejudiced by the delay involved and whether the grounds for default are clearly established or in doubt.'" O'Callahan v. Sifre, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2685 (3d ed. 1998)). As the Second Circuit has observed, the Court is guided by the same factors which apply to a motion to set aside entry of a default. See Enron Oil Corp. v. Diakuhara, 90, 96 (2d Cir. 1993); Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 170-171 (2d Cir. 2001).

These factors are (1) "whether the defendant's default was willful; (2) whether defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Mason Tenders Dist. Council v. Duce Constr. Corp., 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003) (citation omitted); see also Basile v. Wiggs, 08-CV-7549, 2009 WL 1561769, at *4 (S.D.N.Y. May 29, 2009) (listing factors for court's consideration including defaulting party's bad faith, "possibility of prejudice to the plaintiff, the merits of the plaintiff['s] substantive claim, the sufficiency of the complaint, the sum at stake, [and] whether the default was due to excusable neglect") (second alteration in the original) (quoting Feely v. Whitman Corp., 65 F. Supp. 2d 164, 171 (S.D.N.Y. 1999)).

As to the first factor, the failure of Defendant Noel to respond to the Complaint sufficiently demonstrates wilfulness. See, e.g., Indymac Bank v. Nat'l Settlement Agency, Inc., 07-CV-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007). Plaintiff has submitted an affidavit of service demonstrating that Defendant was properly served on August 6, 2010 with a Summons and a copy of the Complaint. Aff. of Frank Sicilia ¶ 1. Moreover, on September 8, 2010, Defendant was personally served with a copy of Plaintiff's Motion for Default Judgment and supporting papers at his residence. Aff. of Olga Martsenuyk ¶ 1. As noted above, Noel never answered or responded in any way to the Complaint; nor did he request an

extension of time to respond to the Complaint. The court file therefore removes any doubt and clearly establishes that Defendant has willfully failed to respond to the Complaint.

Next, the Court must consider whether Noel has a meritorious defense. The Court is unable to make a determination whether this defendant has a meritorious defense to Plaintiff's allegations because he has presented no such defense to the Court. Where no defense has been presented and, "[w]here, as here, 'the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" Chen v. Jenna Lane, Inc., 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998) (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998)). The Complaint, the allegations of which are deemed admitted by Defendant in light of his default, describes the factual allegations that underlie Plaintiff's demand for immediate payment on student loans extended on June 23, 2000 through December 27, 2000.

The final factor the Court must consider is whether the non-defaulting party would be prejudiced if the motion for default were to be denied. Denying this motion would be prejudicial to Plaintiff "as there are no additional steps available to secure relief in this Court." Bridge Oil Ltd. v. Emerald Reefer Lines, LLC, 06-CV-14226, 2008 WL 5560868, at * 2 (S.D.N.Y. Oct. 27, 2008). As all three factors have been met, a default judgment is

warranted.

II. <u>Damages Calculation</u>

The Complaint, as elaborated on by the Plaintiff's Motion for Default Judgment, contains a demand for a current principal amount of $18,004.51; current capitalized interest balance and accrued interest in the amount of $3,952.62 with prejudgment interest accruing at a rate of 2.480% per annum ($1.22 per diem after September 7, 2010 through November 4, 2010); and for legal costs including a filing fee ($350) and service charge ($40). <u>See</u> Pl.'s Mem. in Supp. of Mot. for Def. J. at 2. Calculation of damages in this case, therefore, simply involves summing these figures to reach a total demand for $22,417.89.

<u>CONCLUSION</u>

Plaintiff's motion for a default judgment is granted. A default judgment is entered against Defendant. The Court awards Plaintiff damages in the amount of $22,417.89.

The Clerk of the Court is directed to mark this matter as CLOSED.

SO ORDERED.

<u>/s/ JOANNA SEYBERT</u>
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
　　　 November 4, 2010